IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| **BRIAN RUSK** § | |
|     **Plaintiff,** § | |
| § | |
| **V.** § | Civil Action No. 3:25-CV-00229 |
| § | |
| **VALERO SERVICES, INC.** § | |
|     **Defendant** § | |

**PLAINTIFF'S FIRST AMENDED ORIGINAL COMPLAINT AND JURY DEMAND**

**TO THE HONORABLE JUDGE OF SAID COURT:**

    **NOW COMES, BRIAN RUSK**, hereinafter called Plaintiff, complaining of and about **VALERO SERVICES, INC.**, hereinafter called Defendant, and for cause of action shows unto the Court the following:

**PRELIMINARY STATEMENT**

1. This is an action for damages and equitable relief to remedy unlawful employment practices. Plaintiff brings this action against his former employer, for creating and tolerating a hostile work environment based on sex (sexual harassment), discrimination based on sex, for engaging in unlawful retaliation, for intentional infliction of emotional distress, invasion of privacy and for negligence.  The conduct described herein violates Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.* ("Title VII"), and state law.

**PARTIES AND SERVICE**

2. Plaintiff, Brian Rusk, is an Individual and resident of Galveston County and this judicial district.

3. Defendant VALERO SERVICES, INC., is a Delaware corporation, whose principal place of business is One Valero Way, San Antonio, Texas 78249-1616.  This Defendant has answered,

appeared and waived service. This Defendant is before the court for all purposes.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) as this case involves claims arising under Title VII.

5. This Court has supplemental jurisdiction over the state law claims against Defendant pursuant to 28 U.S.C. § 1367, as they arise from the same common nucleus of operative facts as the federal claims and form part of the same case or controversy.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## CONDITIONS PRECEDENT

7. A notice of the right to file a civil action has been issued by the U.S. Equal Employment Opportunity Commission. All conditions precedent to the institution of this lawsuit have been fulfilled. This suit is filed within 90 days after the date notice of the right to file a civil action was received by Plaintiff and is brought within two years of the date the complaint relating to the action was filed.

## FACTS

8. Defendant hired Plaintiff as a Technical Trainer for its Texas City Refinery. Plaintiff started work at the Texas City Refinery on June 3, 2024.

9. On Plaintiff's second day, Brett Winn called him into a meeting to discuss an intimate relationship from late 2022. Plaintiff was forced, by his supervisor, to explain this part of his sexual history that was outside the workplace and predated his employment. At the conclusion of this meeting, Plaintiff was assured that this sexual history would not be a work

issue.

10. On June 5, 2024, his third day at the facility, Brett Winn again asked Plaintiff about this sexual history. Mr. Winn asked about specific sexual activity with a specific person that was not an employee of Defendant.

11. Todd Pace, a Valero employee, spread Plaintiff's sexual history to several employees. It appears Mr. Pace commented on Plaintiff's sexual history in the workplace on multiple occasions. Mr. Winn failed to counsel Mr. Pace to not discuss sexual history in the workplace. Valero failed to eliminate or correct the pervasive hostile environment.

12. Later in Plaintiff's first week, before any introduction, Mr. Winn informed Plaintiff that the other technical trainer, Bonnie Napoli, already had formed an opinion of Plaintiff. Mr. Winn then informed Plaintiff that he would have to work on his relationship with Ms. Napoli. From the first days and throughout his employment, Ms. Napoli was aggressive and hostile. It is clear that this aggression and hostility was a result of disclosure of Plaintiff's sexual history. Mr. Winn ordered Plaintiff to explain this sexual history to Ms. Napoli. On July 1, 2024, during this conversation Ms. Napoli visibly agitated and stated: "That's fine," and "I don't have to believe you." Ms. Napoli then referred to the situation as a "clown show." Mr. Winn created a hostile environment by forcing Plaintiff to disclose the sexual history to another employee. This aggression and hostility was pervasive and severe.

13. Because of this preconceived opinion, Ms. Napoli failed and refused to train Plaintiff. When Plaintiff, found a resource at another Valero site, Ms. Napoli again became visibly agitated and instructed Plaintiff not to make her "look bad." Ms. Napoli continued her aggressive and hostile demeanor in meetings, with Mr. Winn present. Mr. Winn never corrected this hostile environment.

14. On October 4th, Mr. Winn and Plaintiff conducted a monthly meeting. As opposed to discussing relevant employment tasks and training. Mr. Winn chose to discuss Plaintiff's sexual history and the relationship between Plaintiff and Ms. Napoli. Mr. Winn gave Plaintiff the ultimatum, "resign or be fired." Mr. Winn then informed Plaintiff that Chad Wilfong and Cory Moss agreed with this decision. At this time, Plaintiff had not been written up, had not been put on any type of improvement plan, and had not received any disciplinary warning. Plaintiff was discharged.

15. Subsequent events included, in October, with the entire HR/Technical Trainer/Health & Safety staff present, Ms. Napoli chose to criticize a manual Plaintiff updated, despite having been offered the document one-on-one. The interaction was again aggressive and hostile. Mr. Winn was present and failed to correct the environment. On November 7th, Ms. Napoli again refused a request for help with training software. Despite the refusal, Plaintiff figured out how to accomplish the task.

16. During his time at Valero, Plaintiff was forced to discuss his sexual history on multiple occasions. He was asked if he had sexual activity with a woman (that was not an employee) a year and a half prior to his employment. He was forced to endure a pervasive hostile workplace environment, because of several Valero employees, including Todd Pace, Bonnie Napoli, and Brett Winn. He was constructively discharged, without so much as a disciplinary warning. Important to establishment of the solid performance of Plaintiff, he was given a Christmas card by Mr. Winn that described that his work was "something we have not been able to achieve in the past."

17. Plaintiff's last day of employment was December 13, 2024.

18. Nothing Plaintiff did or failed to do was the proximate cause of his damages.

## SEXUAL HARASSMENT

19. Defendant, by and through employees and supervisors, intentionally engaged in unlawful employment practices involving Plaintiff because he is a male.

20. Defendant, by and through employees and supervisors, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's sex in violation of the Title VII.  Plaintiff was terminated, or otherwise constructively discharged.

21. Defendant, by and through employees and supervisors, sexually harassed Plaintiff, as described above, in violation of his rights under the Title VII.  Defendant knew or should have known of the harassment yet failed to take prompt remedial action.

22. Defendant's employees and supervisor sexually harassed Plaintiff by communicating Plaintiff's sexual history to other employees, by his supervisor questioning him about his sexual history, by his supervisor asking him, about specific sexual acts, by his supervisor forcing him to disclose his sexual history to a peer.  These actions proliferated a male stereotype of Plaintiff in the workplace as a cad, a philanderer, a villain, untrustworthy, and unreliable.  This harassment was the cause of his termination.

23. Plaintiff alleges that Defendant, by and through Defendant's agents, sexually harassed Plaintiff on the basis of sex with malice or with reckless indifference to his federally protected rights.

## DISCRIMINATION BASED ON SEX

24. Additionally, or in the alternative, Defendant, by and through employees and supervisors,

intentionally engaged in unlawful employment practices involving Plaintiff based upon his sex.

25. Defendant, by and through employees and supervisors, intentionally discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment or limited, segregated or classified Plaintiff in a manner that would deprive or tend to deprive him of any employment opportunity or adversely affect his status because of Plaintiff's sex in violation of the Title VII.

26. Defendant, by and through employees and supervisors, intentionally classified Plaintiff in a manner that deprived him of an equal employment opportunity that was provided to female employees similarly situated in violation of the Title VII.

27. Defendant, by and through employees and supervisors, sexually harassed Plaintiff, as described above, in violation of his rights under the Title VII. Defendant knew or should have known of the discrimination yet failed to take prompt remedial action.

28. Plaintiff alleges that Defendant, by and through employees and supervisors, discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the federally protected rights of Plaintiff.

29. Defendant's employees discriminated against Plaintiff by communicating Plaintiff's sexual history to other employees, by his supervisor questioning him about his sexual history, by his supervisor asking him about specific sexual acts with a person that was not an employee, by his supervisor forcing him to disclose his sexual history to a peer, by proliferating Plaintiff's sexual history in order to give him a stereotype in the workplace, and by the hostile environment created by Todd Pace, Bonnie Napoli and Brett Winn due to Plaintiff being male.

## RETALIATION

30. Additionally, or in the alternative, Defendant, by and through employees and supervisors, retaliated against Plaintiff for his participation in statutorily protected activity. The issues concerning Plaintiff's sexual history and specific sexual activity were investigated by Brett Winn as a discrimination or harassment claim. Plaintiff participated in the investigation and answered all questions openly. Following Plaintiff's participation, although assured it would not affect his employment, Defendant took no meaningful corrective action. Instead, harassment and mistreatment escalated. Defendant terminated Plaintiff. The termination was connected to the complaint and investigation.

## NEGLIGENCE

31. Additionally, or in the alternative, Defendant owed Plaintiff a duty of ordinary care to employ careful and competent employees. Defendant's employees breached this duty which proximately caused injury to Plaintiff. Defendant's employees communicated Plaintiff's sexual history to other employees, by his supervisor questioning him about his sexual history, by his supervisor asking him about specific sexual acts with a person that was not an employee, by his supervisor forcing him to disclose his sexual history to a peer, by proliferating Plaintiff's sexual history in order to give him a stereotype in the workplace. Defendant wrongful conduct was the

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

32. Additionally, or in the alternative, Defendant, intentionally or recklessly communicated Plaintiff's sexual history to other employees, questioned Plaintiff about his sexual history (by his supervisor), questioned Plaintiff about specific sexual acts with a person that was not an employee (by his supervisor), forced him to disclose his sexual history to a peer, proliferated

Plaintiff's sexual history in order to give him a stereotype in the workplace, failed and refused to train and support him in the manner he was assured upon accepting employment. Defendant's conduct was extreme and outrageous and proximately caused Plaintiff severe emotional distress. Plaintiff suffered damages for which Plaintiff herein sues.

## INVASION OF PRIVACY

33. Additionally, or in the alternative, Defendant, through employees and supervisors, are responsible for invasion of privacy. Defendant intentionally intruded upon the solitude of Plaintiff's private affairs, which was highly offensive to a reasonable person. Defendant's employees communicated Plaintiff's sexual history to other employees, by his supervisor questioning him about his sexual history, by his supervisor asking him about specific sexual acts with a person that was not an employee, by his supervisor forcing him to disclose his sexual history to a peer, by proliferating Plaintiff's sexual history in order to give him a stereotype in the workplace.

## RESPONDEAT SUPERIOR AND RATIFICATION

34. Whenever in this petition it is alleged that the Defendant, did any act or thing, it is meant that the Defendant' officers, agents, servants, employees or representatives did such act and/or that at that time such act was done, it was done with the full authorization or ratification of the Defendant or was done in the normal and routine course and scope of employment of Defendant' officers, agents, servants, employees, or representatives.

## CONSTRUCTIVE DISCHARGE

35. Additionally, or in the alternative, Defendant made the working conditions so intolerable that Plaintiff felt compelled to resign his position. A reasonable person in the same position would have also felt compelled to resign. Plaintiff suffered damages for which Plaintiff herein sues.

As a direct and proximate result of Defendant's creation of these intolerable working conditions, Plaintiff was forced to involuntarily resign his employment on December 13, 2024. Plaintiff was given the ultimatum "resign or be fired." This forced resignation constitutes a constructive discharge.

## ACTUAL DISCHARGE

36. Additionally, or in the alternative, Defendant, through Brett Winn, gave Plaintiff the ultimatum, "resign or be fired." This constitutes termination.

## DAMAGES

37. Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

    a. Actual damages;

    b. Back pay and benefits from the date of the constructive discharge;

    c. Front pay and future lost benefits;

    d. Out of pocket expenses;

    e. Prejudgment and post judgment interest;

    f. Compensatory damages for emotional distress and mental anguish;

    g. Punitive damages for Defendant's malicious and reckless conduct; and

    h. Reasonable attorneys' fees.

## ATTORNEY FEES

38. Additionally, or in the alternative, Defendant's conduct required the employment of the undersigned counsel. Plaintiff requests attorney fees under Title VII.

## EXEMPLARY DAMAGES

39. Additionally, or in the alternative, the acts and omissions of Defendant complained of herein

were committed with malice or reckless indifference to the state-protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages as provided under Title VII.

## JURY DEMAND

40. Plaintiff hereby demands trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, BRIAN RUSK, respectfully prays that Defendant VALERO SERVICES, INC., be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant VALERO SERVICES, INC., as follows:

i. Actual damages;

j. Back pay and benefits from the date of the constructive discharge;

k. Front pay and future lost benefits;

l. Out of pocket expenses;

m. Prejudgment and post judgment interest;

n. Compensatory damages for emotional distress and mental anguish;

o. Punitive damages for Defendant's malicious and reckless conduct;

p. Reasonable attorneys' fees;

q. Costs of suit; and

r. All other relief, in law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

MELENDEZ LAW, PC



RICH MELENDEZ
SBOT:  24038242
SDTBN: 33952
P.O. Box 591249
Houston, Texas 77259
Tel: (281) 984-7107
Fax: (281) 984-7654
E-mail: rich@carwreckhouston.com

**ATTORNEY FOR PLAINTIFF**
**CERTIFICATE OF SERVICE**

    I hereby certify that on this the 17TH day of November 2025 a true and accurate copy of the foregoing document has been served upon all counsel of record by hand delivery, certified mail, return receipt requested, first class mail, facsimile, e-mail, and/or e-service in accordance with the Federal Rules of Civil Procedure.

Via E-Service and email

Michael V. Galo, Jr.
State Bar No. 00790734
GALO LAW FIRM, P.C.
4230 Gardendale, Building 401
San Antonio, Texas 78229
mgalo@galolaw.com

**Rich Melendez**